## ABLEMAN et al. v. AMERICAN SUGAR REFINING CO.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1925. )

No. 4604.

1. Sales ⬅23(3)—Acceptance of orders for sugar may be made by shipment within reasonable time.

Acceptance of orders for sugar, not requiring written acceptance, may be made by shipment within reasonable time.

2. Sales ⬅23(3)—Offers not withdrawn before shipment held accepted.

Even if buyers' orders in June for sugar to be delivered in August, September, and October contemplated acceptance in writing, if buyers failed to receive written confirmation of their offers, they could withdraw them at any time before actual shipments at the specified times, and where they did not do so they were bound by the shipments as acceptance of their offers.

3. Witnesses ⬅257—Documents used by witness to refresh memory held properly admitted in evidence, though inadmissible when standing alone.

In action for damages for breach of contract to purchase sugar, documents used by plaintiff's witness to refresh his memory in testifying as to prices for which sugar was resold on defendant's failure to accept, and as to amount of storage and drayage charges, held properly admitted in evidence, though, standing alone, they would have been inadmissible.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the American Sugar Refining Company against Morris Ableman and Philip Ableman, doing business as the Atlanta Flour & Grain Company. Judgment for plaintiff, and defendants bring error. Affirmed.

Edgar Watkins and Mac Asbill, both of Atlanta, Ga. (Harry W. Belfor and Watkins & Asbill, all of Atlanta, Ga., on the brief), for plaintiffs in error.

E. W. Moise, of Atlanta, Ga., and Orville A. Park, of Macon, Ga. (Alston, Alston, Foster & Moise, of Atlanta, Ga., and Jones, Park & Johnston, of Macon, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was an action for damages for breach of three separate contracts for the sale and delivery of sugar. The parties will be referred to in their reverse positions as they appeared in the District Court.

In June, 1920, defendants gave plaintiff, through one Follin, its agent in Atlanta, three orders for sugar, two of them equivalent to 25 barrels each, and one equivalent to 20 barrels, to be delivered, respectively, in August, September, and October, 1920. Shipments were made within the terms of the orders, but, the market having declined materially in the meantime, the sugar was rejected. The sugar was then stored in Atlanta for account of defendants, and, after notice to them, was sold at a loss. There is no dispute as to these facts.

Defendants contended that the orders contemplated acceptance in writing by plaintiff before becoming binding contracts, and

that this was not done, and also that they had canceled the orders through Follin before shipment. The case went to the jury, and a verdict was rendered in favor of plaintiff in a total sum of $4,667.72, principal and interest. On application for a new trial the District Court considered defendants were not bound by one of the contracts, because it was signed by an unauthorized agent, and required plaintiff to enter a remittitur, which was done, reducing the amount under the verdict to $2,678.67. A new trial was refused, and judgment was entered for that amount.

In the course of the trial certain documents, later referred to as "yellow slips," were admitted in evidence without objection. Without stopping to reproduce them, it may be said they were in ambiguous language, such as is frequently found in important commercial documents; but it is reasonably certain that they were intended as acceptances of the contracts sued on. They were produced by defendants, and there was evidence from one of the defendants tending to show that they were the usual form of acceptance used by plaintiff, and it might have been inferred that defendants understood them to be acceptances of the orders. The evidence was conflicting as to the cancellation of the orders before shipment, and also as to Follin's authority to cancel. This question was fairly submitted to the jury, and error is not predicated on any action of the court in this respect.

[1] With regard to the other defense urged, the court charged the jury, in substance, that an order for goods must be accepted in a reasonable time when no time is set; that it could be accepted in two ways, either by shipping the goods in accordance with the offer, in which case no communication was necessary, or it might be accepted by an agreement or promise on the seller's part to sell. The court took away from the jury consideration of the "yellow slips" offered as written acceptances, on the theory that there was no evidence to show that they had been sent out by any person with authority to act for plaintiff.

Error is assigned to that part of the charge of the court to the effect that acceptance might be by shipment within a reasonable time, and error is also assigned to the refusal of the court to give a special request

to the contrary. We are of the opinion that the court was perhaps in error in excluding the "yellow slips" from consideration by the jury; but, in view of the result of the trial, that is immaterial. We are also of the opinion that it was not error to charge that acceptance of the orders in question could be by shipment within a reasonable time.

[2] A reasonable time within the contemplation of these contracts was shipment within the time specified; that is, in August, September, and October, 1920. The orders did not in express language require acceptance to be in writing. Conceding that the contracts contemplated acceptance in writing, if the defendants had not received written confirmation of their offers, they were at liberty to withdraw them at any time before actual shipment. That they did not do so has been conclusively determined by the verdict of the jury. See Wood & Brooks Co. v. Hewit Lumber Co., 89 W. Va. 254, 109 S. E. 242, 19 A. L. R. 467, and authorities cited in notes.

[3] Error is also assigned to the action of the court in admitting certain documents tending to show the prices at which the sugar was resold, and also the amount of charges for storage and drayage on the sugar in Atlanta. Standing alone, these documents were not admissible, and the court did not so admit them. They were used by a witness for plaintiff, White, to refresh his memory. The trial was had some four years after the completion of the transactions involved in the suit. The details of resale had been handled by Follin, who was not in the employ of plaintiff at the time of trial, and whose whereabouts were stated to be unknown. White, Follin's superior, testified that he had actual knowledge of market prices and of the sales themselves, and that the documents offered in evidence had been submitted to him by Follin and he had O. K.'d them. He also testified that he knew the facts therein stated to be correct of his own knowledge. Under the circumstances it was not error to admit the documents; also, without their admission there was sufficient from White's testimony to prove the items of damages on behalf of plaintiff, and this was not rebutted.

The other errors assigned are without substance and require no comment.

Affirmed.